UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA MORRIS,

    Plaintiff,

v.

                                  Case No. 18-cv-13771
                                  Hon. Matthew F. Leitman

JANET YELLEN,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL

In this action, Plaintiff Brenda Morris, an employee of the Internal Revenue Service (the "IRS"), bring claims against the Secretary of the Treasury arising out of her employment. For most of these proceedings, Morris was primarily represented by retained counsel, Herbert Sanders. Another attorney from another law firm, Shawndrica Simmons, also entered an Appearance on Morris' behalf after the Court denied the Secretary's motion for summary judgment. (*See* ECF No. 54.) Shortly before the Final Pre-Trial Conference, on June 13, 2022, Sanders and Simmons moved to withdraw from representing Morris, and the Court granted that motion. (*See* Mot., ECF No. 73; Order, ECF No. 79.)

When Sanders and Simmons withdrew, the Court gave Morris 90 days to find replacement counsel. (*See id*.) At the conclusion of the 90-day period, Morris

1

reported that she had not been able to secure new counsel, and during a status conference on September 13, 2022, the Court gave her another 60 days to find a new attorney. At the conclusion of the 60-day extension, Morris again reported that she could not find a new lawyer.

Each time that the Court gave Morris an opportunity to retain new counsel, she asked the Court to appoint counsel for her. The Court declined to do so.

During an appearance before the Court on August 1, 2024, Morris again asked the Court to appoint counsel to try her case for her. The Court again declined to do so. The Court sets forth in this order its reasons for refusing to appoint counsel.

Morris brings her claims in this action under the Rehabilitation Act of 1973. Two statutes authorize a district court to appoint a lawyer for a plaintiff proceeding under that Act. First, if the plaintiff is indigent and is proceeding *in forma pauperis*, a court may appoint counsel under 28 U.S.C. §1915(e)(1).[1]  However, as Morris confirmed during her appearance before the Court on August 1, 2024, she is not indigent, and she is not proceeding *in forma pauperis* in this action. Indeed, she was able to pay a retainer requested by Sanders at the beginning of his representation. For these reasons, Morris is not eligible for the appointment of counsel under 28 U.S.C. §1915(e)(1).

---

[1] That statute provides that a "court may request an attorney to represent any person *unable to afford counsel*." 28 U.S.C. §1915(e)(1) (emphasis added).

2

Second, the Rehabilitation Act, itself, appears to authorize a district court to appoint counsel for a plaintiff. The Act incorporates the remedies, procedures, and rights available under Title VII of the Civil Rights Act of 1964, *see* 29 U.S.C. § 794a(a), and Title VII authorizes a district court to appoint counsel for a plaintiff. *See* 42 U.S.C. §2000e-5(f)(1). The Sixth Circuit has stated that "district courts should examine three factors in considering applications for appointment of counsel under Title VII: (1) the plaintiff's financial resources; (2) the plaintiff's efforts to obtain counsel; and (3) whether the plaintiff's claim has any merit." *Ana Leon T. v. Fed. Rsrv. Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987). All of these factors weigh against the appointment of counsel for Morris in this action.

First, there is no reason to believe that Morris lacks the financial resources to retain a new attorney. She has not presented any evidence that she cannot afford an attorney, and she informed the Court that she was able to pay an initial retainer required by Sanders.

Second, the Court cannot conclude that Morris has made a reasonably effective effort to secure replacement counsel. She reports that she has attempted to engage many attorneys, but she has not provided substantial details about her communications with those attorneys. The Court has a difficult time believing that her efforts have been reasonable and/or sufficient. The posture of this case should have attracted interest from many attorneys because essentially all of the pre-trial

3

work has already been completed by Sanders and Simmons,[2] many of the pre-trial costs (like transcripts, etc.) have already been paid for by Sanders, and attorney fees are available to Morris under the Rehabilitation Act.  A new attorney would simply have to prepare this case for a relatively short trial (each side listed very few will-call trial witnesses, *see* ECF Nos. 50, 51) and then conduct the trial.  Simply put, trying this case would be a relatively low-risk venture with a potentially high reward for a new attorney – the type of venture that, in this Court's experience, many attorneys would be eager to undertake.  It seems likely that if Morris had painted an accurate picture of this case for the attorneys she contacted, at least one of them would have agreed to take the case.  And Morris was certainly capable of painting an accurate picture of the proceedings.  She is highly educated – a college graduate who has taken some graduate-level courses – and intelligent, and she performs work that she "ha[s] to use [her] brain" to complete.[3]  (Morris Dep., ECF No. 100-5, PageID.1623; ECF No 29-1, PageID.723.)

---

[2] Sanders completed all discovery and successfully opposed Defendant's motion for summary judgment.  Then Sanders and Simmons, together, completed substantial briefing on a round of motions *in limine* (*see* ECF Nos. 62-67), worked with defense counsel to prepare a proposed Final Pre-Trial Order (*see* ECF No. 100-3, PageID.13-34), and made disclosures under Rule 23(a)(3) of the Federal Rules of Civil Procedure (*see* ECF Nos. 49, 50).

[3] Morris alleges that she suffers from Attention Deficit Disorder (*see* Compl., ECF No. 1, PageID.3), but the Court sees no reason why that claimed disability would have prevented Morris from accurately and effectively explaining the nature and status of this civil action to a potential new attorney during a short telephone call.  Nor is there reason to believe that that claimed disability would have prevented her

4

Morris has never offered a persuasive explanation as to why the attorneys that she claims to have contacted would not take her case. At the hearing on August 1, 2024, she speculated that no attorney would take the case because attorneys are afraid of opposing the IRS. That does not square with Morris' own experience in this case – she had two attorneys from two different law firms (Sanders and Simmons) who were willing to take on the IRS. And a cursory review of the Court's docket reveals that many other attorneys in this area have likewise been willing to litigate against the IRS over the years. The Court remains convinced that Morris could have secured counsel if she had made a reasonably effective effort to do so.

Third, the merits of Morris' claims are not particularly strong. With respect to more than one of the claims, the Court denied the Secretary's motion for summary judgment on the basis that the Secretary had cited the wrong line of case law, and the Court explained that those claims may well be subject to dismissal at trial once the Secretary identifies the correct line of controlling cases. (*See* 6/4/21 Hr'g Tr., ECF No. 40, PageID.1241-1242.) With respect to her other claims, the Court explained that it was a "very close" question as to whether they survived summary

---

from conducting an effective search for a new attorney in the more than five months that the Court gave her to find counsel. That time period is four months longer than the Court typically gives a litigant in a civil action to find new counsel when prior counsel withdraws. Moreover, the fact that Morris was able to secure Sanders' representation at the beginning of this action suggests that she has the capacity to search for, and find, an attorney.

judgment, and the Court explained that they, too, may be subject to dismissal at trial. (*See id.*)

In sum, all three factors weigh against appointing counsel for Morris under the Rehabilitation Act. The Court therefore declines to do so.

Accordingly, for all of the reasons explained above, Morris' request for counsel is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 5, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126